IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACEY ALLEN SIMS, #13121-078,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL NO. 3:16-CV-1632-M-BK |
| | § | (Criminal No. 3:11-CR-250-M-36) |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge.  Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE** as time barred.[1]

### I. BACKGROUND

In November 2012, Petitioner pled guilty to conspiracy to distribute a controlled substance and, in April 2013, was sentenced to 138 months' imprisonment and a three-year term of supervised release.  Crim. Doc. 1439.  Petitioner did not file a direct appeal, and the Court subsequently denied a motion to reduce sentence under the 2014 Drug Guidelines Amendment because sentenced had been imposed under the career offender provision of the Sentencing Guidelines.  Crim. Doc. 1725.  On June 17, 2016, Petitioner filed a *pro se* motion to vacate sentence, seeking relief based on the holding in *Johnson v. United States*, ___ U.S. ___, 135 S.

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Ct. 2551, 2563 (2015), that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process.² Doc. 2.  Almost contemporaneously, the Court appointed the Federal Public Defender's office to investigate whether Petitioner, along with several other defendants, were eligible for relief under *Johnson*.  Crim. Doc. 1731.  However, on March 6, 2017, the United States Supreme Court held that the rule announced in *Johnson* does not apply to the advisory Sentencing Guidelines' definition of "crime of violence," *Beckles v. United States*, ___ U.S. ___, 2017 WL 855781 (2017), and the Court subsequently granted the Federal Public Defender's motion to withdraw.  Crim. Doc. 1769.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.³  *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).

### A. Limitations

Petitioner relies on 28 U.S.C. § 2255(f)(3) and *Johnson* to overcome the one-year limitations period in section 2255(f)(1) since, otherwise, his section 2255 motion is clearly untimely.  Doc. 2 at 12; Doc. 3 at 1-12.  Over one year elapsed since his conviction first became

---

² The Court deems the section 2255 motion filed on June 13, 2016, the date Petitioner signed it and presumably placed it in the prison mailing system.  Doc. 2 at 13.  *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

³ The 14-day statutory objection period will provide Petitioner an opportunity to respond.

final in May 2013 and his filing of the section 2255 motion. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final when the applicable period for seeking direct review of a conviction has expired); FED. R. APP. P. 4(b)(1)(A) (setting out time to file a direct appeal).

Petitioner's reliance on section 2255(f)(3) and *Johnson* to overcome the limitations bar, however, is misplaced. Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." And while the Supreme Court has found its holding in *Johnson* retroactively applicable to cases on collateral review, *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016), *Johnson* has no bearing on Petitioner's case. That is because Petitioner's sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather Petitioner was sentenced under U.S.S.G. §4B 1.1(a) (the career offender provision) and U.S.S.G. § 2D1.1 (the drug trafficking guidelines). *See* Crim. Doc. 1357-1 at 32-34, Presentence Report (PSR) ¶¶ 125 & 131; Crim. Doc. 1440 at 1, Statement of Reasons (SOR) (adopting PSR as modified by changes to offense level at sentencing). Moreover, as previously noted, the Supreme Court recently held that the rule in *Johnson* does not apply to the career offender provision of the Sentencing Guidelines. *See Beckles*, ___ U.S. ___, 2017 WL 855781, *9 (holding the Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment Due Process Clause). Section 2255(f)(3) is, therefore, not applicable in this case.[4]

---

[4] Sections 2255(f)(2) and (4) are likewise inapplicable. Petitioner does not appear to base his claims on a government created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

Consequently, the section 2255 motion is clearly outside the one-year limitations period absent equitable tolling.

### B.  Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling applies.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States*, ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016).  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).  Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).  Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  *Id.* at 365.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** March 24, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE